UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LINDA HARLEY,

                    Plaintiff,

      -against-

THE SUFFOLK COUNTY POLICE
DEPARTMENT, *et al*,

                    Defendants.
-----------------------------------------------------------X

<u>For Online Publication Only</u>

FILED
CLERK

3/29/2016 1:40 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**<u>ORDER</u>**

09-CV-2897 (JMA) (AYS)

**AZRACK, United States District Judge:**

      Pro se plaintiff Linda Harley filed this case in June 2009.  This case was previously assigned to the Honorable Joseph F. Bianco.  Defendants filed their proposed Pretrial Order on May 7, 2012 and plaintiff filed her proposed Pretrial Order on July 2, 2012.  This case was reassigned to the undersigned on January 16, 2015.

      A status conference was held on March 26, 2015.  Plaintiff informed the Court she was in the process of retaining an attorney.  Plaintiff was advised that her retained counsel should file a notice of appearance and attend the next scheduled status conference.  If counsel was not retained, plaintiff was to appear at the conference pro se.

      The next status conference was held on April 27, 2015.  Plaintiff appeared pro se, but was granted an additional 60 days to retain an attorney.  A further status conference was scheduled for June 25, 2015.

      After plaintiff failed to appear for the conference on June 25, 2016, the conference was rescheduled for July 16, 2015.  Plaintiff appeared at the July 16, 2015 conference and requested additional time to retain an attorney.  The case was placed on the 6-month suspense calendar and

a further status conference was scheduled for January 14, 2016.

Plaintiff failed to appear at the January 14, 2016 conference. A scheduling order was issued, rescheduling the status conference for February 24, 2016. The scheduling order warned plaintiff that failure to appear for the February 24, 2016 conference would result in dismissal for lack of prosecution. A copy of the scheduling order was mailed to plaintiff at her address of record. This mailing was not returned as "undeliverable" by the United States Postal Service. Plaintiff failed to appear at the conference scheduled on February 24, 2016.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). District courts also have the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Here, over eight months have elapsed since the Court has received any communication from plaintiff. Plaintiff has failed to appear for three scheduled conferences, including the two most recent conferences. The Court warned plaintiff that failure to appear at the February 24, 2016 conference would result in dismissal of the case. Plaintiff's failure to prosecute this action

and to comply with the Court's orders constitutes grounds for dismissal.  Accordingly, plaintiff's claims are dismissed, without prejudice, for failure to prosecute and noncompliance with the Court's orders.

The Clerk of Court is directed to mail a copy of this order to pro se plaintiff and to close this case.

**SO ORDERED.**

Date:   March 29, 2016
        Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge